GEORGE BABCOCK v. FRANK E. CANFIELD, *et al.*

SHERIFF'S SALE, *Not Set Aside for Inadequacy of Price.*  A mortgagee, who had obtained a decree of foreclosure, caused an order to be issued for a sale of the land, and two days prior to the day of sale addressed a letter to one of his attorneys, who resided about three hundred miles distant, at the place where the sale was to occur, asking him to attend the sale and bid in the property at $200; and in case there was competition, to bid up to the amount of the judgment, interest and costs, which was about $450.  When the letter was received the attorney could not arrange his business to be present at the sale, and he requested another to attend and bid according to directions. This the other promised to do, but failed to appear and bid upon the property.  The sale was fairly and regularly conducted, and the land was sold to a *bona fide* purchaser, who was a stranger to the proceedings, for $180.  The property was worth about $550, but had been

sold by the sheriff a few months prior to that time for $200. It did not appear that the agent requested to represent the mortgagee at the sale was capable and reliable, nor was any reason shown for his non-observance of the request. *Held,* Upon an application by the mortgagee to set aside the sale in which the mortgagors did not join, that the inadequacy of price, with the unexplained failure of the agent to bid at the sale, is insufficient to overthrow the sale and to defeat the purchaser from obtaining what he had in good faith purchased.

*Error from Norton District Court.*

THE opinion states the case.

*W. J. Patterson,* for plaintiff in error.

*Fabius M. Clarke,* and *J. R. Hamilton,* for defendant in error McCredie.

The opinion of the court was delivered by

JOHNSTON, J. : Frank E. Canfield and Mary E. Canfield procured a loan of $300 from George Babcock on 160 acres of land in Norton county, which they owned. The mortgage was negotiated by the J. B. Watkins Land Mortgage Company, of Lawrence. The mortgagors made default in payment, and in an action begun by Babcock, a judgment and decree of foreclosure was obtained on October 8, 1883. The land was sold under this decree on the 23d day of February, 1885, to Hugh McCredie, for $180. On the 16th day of April, 1885, the plaintiff moved the court to set aside the sale, and at the same time there was a motion made by the purchaser to confirm the sale. The first motion was overruled and the last allowed; and these rulings are the causes of complaint in this court. The only ground relied on by the plaintiff for the interference of the court is the inadequacy of price and the failure of his agent to bid at the sale. From the record we learn that on February 20, the J. B. Watkins Land Mortgage Company wrote a letter to L. H. Thompson, of Norton, one of plaintiff's attorneys, requesting him to attend the sale and bid, in the name of J. B. Watkins, $200, and if there was competition at the sale, to bid up to

the amount of the judgment, interest and costs, which was about $450. Thompson, being unable to attend the sale, gave the letter of instructions to one J. L. Miller, of that place, and arranged with him to represent the plaintiff at the sale, but for some reason not shown, he failed to bid upon the property. The property is valued at from $500 to $600 by the several witnesses whose testimony was given.

The rulings of the district court cannot be held erroneous. The defendants made no objection to the sale. There was no defect in the notice, nor any irregularity in conducting the sale. No mistake, neglect or misconduct is charged against the sheriff; nor is it claimed that there was any unfairness or fraud on the part of the purchaser; he appears to have made the purchase openly and in good faith. It is true that the price paid was considerably less than the actual value, but it was not so grossly inadequate as of itself to indicate fraud or call for the interference of the court. It appears that on December 2, 1884, the property was sold by the sheriff under the same decree for $200, but by reason of a clerical error as to the name of the defendants in the order of sale, a re-sale was made necessary. Then, again, $200 was the amount that Thompson was instructed to bid in case no competitive bidders appeared. Inadequacy of price alone is rarely ever sufficient to warrant the vacation of a sale, although this ground, connected with some others, is sometimes sufficient. (*Capital Bank v. Huntoon*, 35 Kas. 591, and the cases there cited.) But we do not think that the circumstance relied on here, which is the neglect of the plaintiff's agent to appear and bid at the sale, is sufficient to justify its vacation. It appears that only two days intervened between the time that the letter of instructions was written to Thompson and the time of sale, and Lawrence, where the letter was written, is distant from Norton, the place of sale, about three hundred miles. The letter was received by Thompson before the sale was made, but not sufficiently early to enable him to arrange his business so that he could attend the sale in person. It does not appear whether Miller, who was requested to attend the sale by plaintiff's at-

torney, was capable and reliable, nor is there any reason given why he did not observe the request. The plaintiff failed to show that Miller, his agent, was prevented from bidding by reason of any accident, mistake, misapprehension, or inadvertence.

The case of *Dewey v. Linscott*, 20 Kas. 684, is confidently cited as an authority for a reversal, but there are marked distinctions between that case and the present one. There, property which the witnesses valued at from six to eleven hundred dollars was sold for fifty dollars. The agent who was employed to attend the sale and bid upon the property in that case was called to another county in obedience to a subpena in a criminal case, and therefore could not be present at the sale. Besides, in that case the mortgagor and mortgagee both joined in asking that the sale be vacated. Here the mortgagors do not complain, and the mortgagee alone asks for the setting aside of the sale. In the present case the price for which the property was sold is not so greatly disproportionate to the actual value as in the case cited. Then it does not appear that the present plaintiff was free from negligence in selecting Miller to represent him, and he wholly fails to account for Miller's nonobservance of the request made by plaintiff's attorney. In the case at bar there was no irregularity, and no fraud or unfairness. The sale was made to a *bona fide* purchaser, who was not concerned in the foreclosure action, and was a stranger to the proceedings; and therefore we are of the opinion that the inadequacy of the price, with the unexplained failure of the plaintiff's agent to bid at the sale, is insufficient to overthrow the sale and to defeat the purchaser in obtaining that which he had fairly purchased. (*Savings Bank v. Marsh*, 31 Kas. 771; *Northrop v. Cooper*, 23 id. 441; *McGeorge v. Sease*, 32 id. 387; *Moore v. Pye*, 10 id. 246; *Capital Bank v. Huntoon*, 35 id. 577.)

*Sheriff's sale, not set aside for inadequacy of price.*

The orders of the district court complained of must therefore be affirmed.

All the Justices concurring.