COLONIAL & UNITED STATES MORTGAGE COMPANY *v.* SWEET.

Opinion delivered March 19, 1898.

FORECLOSURE SALE—REOPENING—INCREASED BID.—Where a mortgagee of land negligently failed to attend the foreclosure sale, he is not entitled, before confirmation, to have the sale set aside upon the offer of a large advance upon the purchaser's bid, if the sale was regular, and the land brought its market value. (Page 154.)

Appeal from St. Francis Circuit Court in Chancery.

HANCE N. HUTTON, Judge.

*W. G. Weatherford* and *Norton & Prewitt*, for appellant.

Chancery court has power to, and should, on application made before confirmation of a commissioner's or master's sale, reopen the bidding and let in a bid which is in advance of that of the purchaser at such commissioner's sale.   3 Daniell's Ch. Pract. 1284 (3d Am. Ed.); 6 Heisk. (Tenn.) 539; 6 Lea, 190; 3 Tenn. Ch. 728, 268, 344, 237; 1 Tenn. Ch. 51; 3 Tenn. Ch. 228.   Those courts which hold that mere advance of bid is not sufficient to authorize reopening of bids, hold that the slightest circumstance of mistake, surprise or fraud will be sufficient to base such action upon.   117 U. S. 180; 32 Ark. 392; 44 Ark. 503; 47 Ark. 419; *ib.* 518; 53 *ib.* 113; 56 *ib.* 240.

*Jas. P. Clarke*, for appellee.

A court will not set aside a judicial sale, fairly and regularly made, where the property brought its market value.   The court has a discretionary power as to the acceptance of the offer made to the commissioner, and its action in this behalf will not be set aside, unless there is an affirmative showing of abuse of discretion.   129 U. S. 82; 5 Wallace, 662; 145 U. S. 349.

BATTLE, J.   The Colonial & United States Mortgage Company instituted an action against S. E. Sweet, in the St. Francis circuit court, to recover a sum of money due it on cer-

tain promissory notes, and to foreclose a mortgage executed to secure the payment of the same. It recovered a judgment against Sweet on the notes for $3,981.67, and a decree appointing a commissioner and ordering him to sell the lands described in the mortgage and thereby conveyed as a security, and that the sale be made for the purpose of paying the judgment. The commissioner, in pursuance of the terms of the decree, advertised the lands to be sold, and notified the attorney of plaintiff of the day of sale. At the request of plaintiff's attorney, N. F. Lemaster agreed to attend the sale, and bid the amount of the decree for the lands in the name of and for plaintiff. The commissioner attended at the time and place appointed, and sold the lands to Walter Sweet at one minute before 3 o'clock in the afternoon, for the aggregate sum of $2,500, he being the highest and best bidder. Before he commenced the sale, the commissioner again notified the attorney of plaintiff by telegram of the fact that the land would be sold according to the notice. Lemaster had entirely forgotten the sale until he was shown the telegram, when he immediately, at ten minutes past twelve o'clock on the day of sale, delivered a dispatch to the telegraph operator at Memphis, Tenn., to be sent by telegraph to Forrest City, Ark., distant from Memphis about forty or forty-five miles. It was addressed to the commissioner, and requested him to bid the full amount of the decree for the lands, and that he make the bid for plaintiff's attorney. No reply to his telegram was received by the commissioner until six minutes after three o'clock in the afternoon of the day of sale.

At the term of the court following the sale the commissioner made a report of his proceedings; and thereafter the purchaser asked the court to confirm the sale, and order the commissioner to convey the lands to him, and the plaintiff moved the court to allow him to advance the bid of the purchaser to the full amount of the decree. Evidence showing the facts was submitted by both parties. The clear preponderance of it showed that the lands were sold at their market value. The fairness and regularity of the sale was unimpeached by evidence. The court found that the sale was fair and regular, and made in conformity to the terms of the decree; "that no

unfair or improper conduct is imputable to the purchaser or commissioner;" that the lands were sold for their market value; and confirmed the sale, and ordered the commissioner to convey the lands to the purchaser. Plaintiff appealed.

Did the court err in refusing to allow appellant to advance the bid of the purchaser? In *Graffam* v. *Burgess*, 117 U. S. 180, 191, Mr. Justice Bradley, speaking for the court, said: "It was formerly the rule in England, in chancery sales, that, until confirmation of the master's report, the bidding would be opened upon a mere offer to advance the price ten per centum. * * * But Lord Eldon expressed much dissatisfaction with this practice of opening biddings upon a mere offer of an advanced price, as tending to diminish confidence in such sales, to keep bidders from attending, and to diminish the amount realized. * * * * Lord Eldon's views were finally adopted in England in The Sale of Land by Auction Act, 1867, 30 and 31 Vict. c. 48, § 7. * * * In this country Lord Eldon's views were adopted at an early day by the courts, and the rule has become almost universal that a sale will not be set aside for inadequacy of price, or unless the inadequacy be so great as to shock the conscience, unless there be additional circumstances against its fairness; being very much the rule that always prevailed in England as to setting aside sales after the master's report had been confirmed."

It is well settled by the weight of authority that there is no duty resting upon a court to set aside a sale of land for the purpose of allowing an interested party to advance the bid of the purchaser, where the sale is in accordance with the decree directing it, and the property sold has brought its market value, and the purchaser and those conducting or controlling it have committed no fraud, unfairness or other wrongful act injurious to the sale, and there is no occurrence, or "special circumstance, affording, as in other cases, a proper ground for equitable relief;" and that appellate courts should not interfere with or set aside orders of the court confirming it. 4 Kent, Comm. (13 Ed.) marginal p. 192; 2 Jones, Mortgages (5 Ed.), §§ 1640, 1670, 1676, and cases cited; 1 Sug. Vend. (7 Ed.) Perkins' Notes, 93; *Babcock* v. *Canfield*, 36 Kas. 437;

*Adams* v. *Haskell*, 10 Wis. 123; *Duncan* v. *Dodd*, 2 Paige, 99. *Am. Ins. Co.* v. *Oakley*, 9 Paige, 259.

Appellant cites Tennessee cases to show that the sale in question should be set aside for the purpose of allowing it to advance the bid of the purchaser. But "in Tennessee, before confirmation, the rule is now settled that a simple advance of 10 per centum, without any circumstance whatever of fraud, accident or mistake, shall be sufficient to open the biddings, and that the practice must be liberally applied to effectuate the purpose of procuring the largest possible price." *Click* v. *Burris*, 6 Heisk. 539; *Glenn* v. *Glenn*, 7 Heisk. 367; *Lucas* v. *Moore*, 2 Lea, 1; *Atkison* v. *Murfree*, 1 Tenn. Ch. 51; *Vaughn* v. *Smith*, 3 *id*. 368; *Atchison* v. *Murfree*, 3 *id*. 728. This doctrine is contrary to the rule almost universally adopted in this country.

The sale in question was made in accordance with the decree authorizing it; the property sold brought its market value; the conduct of the commissioner in respect to it is beyond censure; the action of the purchaser is unimpeached by evidence; the sale is untarnished by an irregularity or unfairness; the mortgagor does not complain; the mortgagee (the appellant) failed to attend the sale through his own negligence, and failed to acquire the lands, but is entitled to receive under the sale their equivalent in value, and is thereby fully indemnified for his failure to attend. We think the order of the court confirming it should be affirmed, and it is so ordered.