## HAWKINS *v.* JONES.

### Opinion delivered December 17, 1917.

MORTGAGES—FORECLOSURE AND SALE—ATTEMPT OF MORTGAGOR TO PAY THE DEBT.—Appellant foreclosed a mortgage upon appellee's land and at the sale thereunder, purchased the property. Meanwhile the mortgagor, who was ill and upon his death bed, attempted to procure money with which to satisfy the judgment, but died before accomplishing the same. The mortgagor's widow and heirs then filed exceptions to the commissioner's report, and tendered the purchase price into court. *Held,* the action of the chancellor in refusing to confirm the sale, would not be disturbed on appeal.

Appeal from Greene Chancery Court; *Archer Wheatley,* Chancellor; affirmed.

*W. S. Luna,* for appellant.

It was error to set aside the sale and allow the redemption. The price was adequate and no fraud, unfairness or wrongful act or injury was shown. 86 Ark. 255; 65 *Id.* 152; 77 *Id.* 216; 123 *Id.* 18; 99 *Id.* 324.

*Huddleston, Fuhr & Futrell,* for appellees.

Unavoidable casualty and misfortune were shown and the chancellor properly refused to confirm the sale, a matter within his sound discretion. 194 S. W. 802; 108 Ark. 366.

McCULLOCH, C. J.    This is an appeal from the decree of the chancery court of Greene County setting aside and refusing to confirm a sale of real estate made by a commissioner of the court under a foreclosure decree rendered at a former term.    Appellant instituted an action in the chancery court to foreclose a mortgage on the land executed to him by Levi Jones, and on November 9, 1916, the court rendered a final decree in favor of appellant for the recovery of the mortgage debt and a foreclosure of the mortgage.    Time was given for the defendant in the decree to pay the debt and on failure to do so the commissioner was directed to sell.    Pursuant to the decree the commissioner sold the land at public outcry on December 30, 1916, and appellant bid $959.86, the amount of his debt and interest and the cost of the action and expenses of sale, and being the highest bidder, the property was knocked off to him by the commissioner.    At the next term the commissioner's report of sale came up for confirmation.    In the meantime Jones, the original defendant, died, and his widow and children filed exceptions to the report, accompanied with an offer to pay to appellant the amount of his purchase price of the property and interest and costs.    A deposit of a sum sufficient to cover these amounts was made with the clerk of the court.    The court sustained the exceptions and refused to confirm the sale.

Testimony was adduced at the hearing of the exceptions and it appears that between the date of the de-

cree and the date of the sale Jones made effort to raise the money to satisfy the decree. He employed an attorney in Paragould to attend to the matter for him, and the attorney arranged with one of the banks in Paragould to lend sufficient sum to Jones to enable him to discharge the decree. Before that arrangement was perfected Jones became sick and never recovered from the illness. He died the following February. Jones and his family were living at a small town in an adjoining county at the time and the attorney who was employed by him to secure the loan testified at the hearing that he received a letter shortly before the sale, written by Jones, or some one for him, instructing him to bid the land in at the sale, but that he (the attorney) did not feel justified in doing that. The testimony shows that the land is worth at least $2,000, and possibly as much as $2,500.

Jones and his wife executed a conveyance of the land to their oldest son so that the latter could convey it to his mother after the redemption from the mortgage, the testimony showing that the conveyance was made solely for the purpose of getting the legal title in the name of the wife in contemplation of the husband's death. The testimony justifies the conclusion that Jones was too sick to give attention to the business of raising the funds to pay off the mortgage before the date of sale, and that but for his serious illness the arrangement to borrow the money and pay off the mortgage would have been consummated. The advertisement and sale of the property were regular in every respect, and it is not contended that there was any fraud or unfairness on the part of appellant or of the commissioner who conducted the sale.

It is the settled doctrine of this court that mere inadequacy of price does not afford sufficient grounds for withholding confirmation of a judicial sale, and if the ruling of the chancellor in this case can be upheld it must be on the grounds of unavoidable casualty in the severe illness of Jones, which prevented him from mak-

ing arrangement to pay off the mortgage and stop the sale.

In the case of *Colonial & U. S. Mortgage Co.* v. *Sweet,* 65 Ark. 152, Judge Battle announced the rule which has been frequently followed that confirmation of a judicial sale should not be withheld where it appears that "the property sold has brought its market value, and the purchaser and those conducting or controlling it have committed no fraud, unfairness or other wrongful act injurious to the sale, and there is no occurrence, or special circumstance, affording, as in other cases, a proper ground for equitable relief."

We are of the opinion that the circumstances of this case bring it within the latter part of the rule stated by Judge Battle, or at least that we can not say that the evidence in the case preponderates against the finding of the chancellor and does not afford justification for refusing to confirm the sale. It is reasonably certain that but for the illness of Levi Jones, the mortgagor, the decree would have been discharged by payment before the day of sale. He appears to have diligently set about the task of borrowing the money and employed an attorney to attend to it for him. He was guilty of no negligence in that respect, nor was his attorney negligent, for he could not consummate the loan which he had negotiated without the presence of his client. The circumstances under which the mortgagor was placed before the time of sale constituted a casualty which was unavoidable, speaking in a reasonable sense, and it would not be equitable to confirm the sale. The decree is therefore, affirmed.