CHAPIN v. QUISENBERRY.

Opinion delivered March 17, 1919.

JUDICIAL SALE—REFUSAL OF CONFIRMATION.—The court properly refused to confirm a judicial sale where the property brought a grossly inadequate price, and the sale was attended with circumstances working out a harsh result against the owner's interests, though the purchaser himself was guilty of no fraud or misconduct.

Appeal from Benton Chancery Court; *Ben F. Mc-Mahan,* Chancellor; affirmed.

*The appellant pro se.*

The sale was fairly made under the order of court and in conformity to law and there was no fraud and no evidence that the property would bring more on a resale. It was error to refuse to confirm for mere inadequacy of price. 77 Ark. 216; 86 *Id.* 255; 108 *Id.* 366; 56 *Id.* 240; 20 *Id.* 381; 44 *Id.* 502; 108 *Id.* 366; 29 Fed. Cases No. 17422; 14 Col. 30; 23 Pac. 170; 20 Fla. 141; 119 Ga. 10; 45 S. E. 790; 91 Ill. 228; 36 Kan. 437; 13 Pac. 787; 23 Kan. 432; 138 S. W. 312; 11 N. J. Eq. 167; 13 S. W. 91; 27 S. E. 507; 94 Va. 703.

*Duty & Duty,* for appellees.

The court properly refused to confirm the sale. The price was grossly inadequate and appellee was misled and deterred from attending the sale and there was unfairness and misunderstanding to the prejudice of the rights of appellees. 199 S. W. 112; 206 *Id.* 445; 43 Ark. Law Rep. 294; 81 Ark. 102; 123 *Id.* 532; 90 Ark. 166; 20 *Id.* 381; 108 *Id.* 366; 44 *Id.* 502; 47 *Id.* 86; 65 *Id.* 152; 66 *Id.* 490; 62 *Id.* 215; Rorer on Jud. Sales, § § 126-8; 12 A. & E. Enc. Law 219; 73 Ark. 37; 111 *Id.* 158; 113 *Id.* 322.

McCULLOCH, C. J. This appeal is from a decree refusing confirmation of the sale of real estate made by the court's commissioner. The grounds of the decision in refusing confirmation were that the price for which the property sold was grossly inadequate, and that appellee was misled and deterred from attending the sale by a statement of the attorney for the plaintiffs in the decree under which the sale was made to the effect that he would bid the amount of the decree. Appellant was the purchaser at the sale, and $805 was the amount of his bid. He was not a party to the original action in which the decree was rendered and that decree was in favor of John M. Davis as State Bank Commissioner in control of the assets of the defunct Bank of Rogers, for recovery of the sum of $1,307.33, and in favor of John Schaap & Sons Drug Company for for $281.70. The decree was for foreclosure of liens in favor of those parties against the property in controversy, which was a house and lot in Rogers, Arkansas.

The testimony shows that the fair market value of the property was about $1,500. Several witnesses testified on that subject, and their estimates of value range from $1,200 to $2,000. The court could have reached the conclusion from this testimony that the property was worth at least $1,500, or perhaps $1,600. The testimony also shows that the attorney for the plaintiffs in the original litigation stated to the attorney for appellee, Quisenberry, who was defendant in the original suit, against whom the liens were asserted, that he would attend the sale and bid the amount of the original decrees which aggregated about $1,600, and that said appellee and her attorney, supposing that the property would thus be made to bring at least $1,600, were induced to remain away from the sale. There was also testimony to the effect that the statement of the attorney for the original plaintiffs was communicated to another person who contemplated attending the sale and bidding, but refrained from doing so in reliance on the statement that plaintiffs would bid as much as $1,600.

We have a case, therefore, where the property brought a grossly inadequate price, and also where there were circumstances attending the sale which worked out a harsh result against the interests of the owner of the property. Appellant himself was guilty of no fraud or misconduct, but he purchased the property at an inadequate price and that, together with the circumstances which produced the hardship on the owner of the property, was sufficient to justify the court in refusing confirmation.

The facts of the case bring it within the rule announced by this court in the following cases: *Stevenson* v. *Gault,* 131 Ark. 397; *Hawkins* v. *Jones,* 131 Ark. 478; *Moore* v. *McJudkins,* 136 Ark. 292, 206 S. W. 445. Under these circumstances we cannot say the chancellor erred in refusing confirmation of the sale. Affirmed.

HUMPHREYS, J., not participating.