## Hawkins *v.* Wood.

Opinion delivered June 24, 1929.

W. A. *Singfield,* for appellant.

*Tom F. Digby,* for appellee.

KIRBY, J. This appeal comes from a decree refusing confirmation of a sale of real estate by the court's commissioner in a suit for partition.

Appellee, one of the defendants in the suit, objected to the confirmation of the sale, alleging that it was agreed that he should be notified of the time and place of sale, which was not done, and he was thereby prevented from attending it; that no other person was present and bidding on the property except Ike Hawkins, to whom it was sold for the sum of $200, which was a grossly inadequate price for the property, and submitted a bid of $250, 25 per cent. more than the price for which the property was sold.

The court refused to confirm the sale, which it ordered set aside, and directed the commissioner to re-advertise and sell the land again as provided in the original decree.

The rule, as stated in *Wells* v. *Lenox,* 108 Ark. 366, 159 S. W. 1099, Ann. Cas. 1914B, 11, in reference to judicial sales, "is that, in the absence of fraud and unfair-

ness, mere inadequacy of price, however gross, does not invalidate the sale.'' But the court has and may exercise discretion in either confirming or rejecting judicial sales, which discretion must be exercised according to fixed rules, and not arbitrarily, and the bidder has the right to insist upon its exercise in such manner only. *George* v. *Norwood,* 77 Ark. 216, 91 S. W. 557, 113 Am. St. Rep. 143, 7 Ann. Cas. 171; *Chapin* v. *Quisenberry,* 138 Ark. 68, 210 S. W. 341.

The sale was not only for a grossly inadequate price, but appellee was misled and prevented from attending it by the failure of the other parties in interest or the commissioner to notify him of the time and place of the sale, as was agreed to be done, thus permitting appellant to attend the sale and bid without competition for the property, working a hardship against the owners of the property, and the court did not err in refusing to confirm the sale. *Chapin* v. *Quisenberry, supra; Moore* v. *McJudkins,* 136 Ark. 293, 206 S. W. 445; *Stevenson* v. *Gault,* 131 Ark. 398, 199 S. W. 112, Ann. Cas. 1918E, 433; *Hawkins* v. *Jones,* 131 Ark. 478, 199 S. W. 549.

The decree is affirmed.