ALEXANDER *v.* AMERICAN BUILDING & LOAN ASSOCIATION.

Opinion delivered October 28, 1929.

*Starbird & Starbird,* for appellant.

*Robinson, House & Moses, Harry E. Meek* and *W. R. Roddy,* for appellee.

McHANEY, J. Appellee foreclosed a mortgage on certain real property in Mulberry, given it by G. L. Wisdom and wife as security for a note for $1,650, and interest. The Bank of Mulberry was made a defendant, it holding a second mortgage. Appellant is an officer of the bank. Neither the Wisdoms nor the bank filed an answer or made any defense to the action, and a default decree was taken. Counsel for appellee wrote the commissioner appointed by the court to make the sale, who was the clerk of the court, to advertise the property for sale, after the lapse of the ten days given the judgment debtor in the decree to pay the judgment, and to notify them of the day of sale. The property was advertised by the commissioner according to directions, but he failed to notify counsel for appellee of the date of sale, as requested by them. At the sale appellant became the purchaser on a bid of $305. Before confirmation, appellee filed a motion to set the sale aside on the ground that it had no notice of the day of sale; that it relied upon the commissioner to notify its counsel thereof; and that the property was sold for a grossly inadequate price, it being willing to bid the amount of the judgment, interest and costs—a sum in excess of $1,800. It attached to its motion the original application for loan signed by Wis-

dom and the appraisal made by others, showing a value of $4,500 at the time the loan was made.

The court refused to confirm the sale, set it aside, reopened the sale, and sold the property in open court to appellee for $1,838.04, the amount of its judgment, interest and costs. Appellant was present in person and by attorney, but declined to bid.

We think the court correctly set aside the sale and resold the property, under the circumstances. The sale was not complete until confirmed. *Moore* v. *McJudkins*, 136 Ark. 292, 206 S. W. 445. We have many times held that mere inadequacy of price is not sufficient to justify the court in refusing to confirm. *Marten* v. *Jirkivosky*, 174 Ark. 417, 295 S. W. 365, and cases cited. We have also held that, where the sale is made not only for a grossly inadequate consideration, but is attended by circumstances which work a hardship against the owners of the property or against a party to the suit, such as appellee, the court does not err in refusing to confirm the sale. In *Hawkins* v. *Wood*, 179 Ark. 845, 18 S. W. (2d) 371, we said:

"The sale was not only for a grossly inadequate price, but appellee was misled and prevented from attending it by the failure of the other party in interest, or the commissioner, to notify him of the time and place of the sale, as was agreed to be done, thus permitting appellants to attend the sale and bid without competition for the property, working a hardship against the owners of the property, and the court did not err in refusing to confirm the sale."

In *Moore* v. *McJudkins, supra,* this court held that it was error to confirm a sale where the property sold did not bring a fair price "because of circumstances which created a condition in the nature of an unavoidable casualty which prevented appellants or their attorney from attending." While the same set of circumstances do not exist in this case as in that, yet the fact remains that the property was sold to appellant at the first sale for a

grossly inadequate price, at a time when appellee and its counsel had no actual notice thereof, were not present, for the reason the commissioner neglected to notify them of the date as requested, and, but for this failure of the commissioner, would have been present and bid enough to satisfy its judgment with costs.

Under these circumstances we are of the opinion that no error has been committed, and the decree is accordingly affirmed.