NATIONAL SAVINGS & LOAN ASSOCIATION *v.* BEASLEY.

Opinion delivered May 9, 1932.

*Owens & Ehrman, Ada Marett Carter* and *John M. Lofton, Jr.,* for appellant.

*Clary & Ball,* for appellee.

HART, C. J.   The only issue involved by this appeal is whether or not the chancery court erred in confirming a sale of real estate under a mortgage foreclosure.   The record shows that the National Savings & Loan Association brought a suit in equity against Adolph Daniel to foreclose a mortgage on certain lots in the city of Warren, Arkansas.   Judgment by default was rendered in favor of the plaintiff against the defendant for $2,434.85 with interest at the rate of nine per cent. per annum from November 1, 1930.   The decree provided that, if the judgment was not paid within twenty days, the clerk of the court should be commissioner to make the sale according to the terms of the decree.

The decree was rendered on the 2d day of February, 1931.   One of the attorneys for the plaintiff asked the clerk if he would notify plaintiff of the exact date of sale, and he promised to do so.   On the 21st day of February, 1931, she wrote him asking for the exact date of sale. She inclosed a self-addressed envelope for reply, and her letter had a return card on it.   Having received no reply to this letter, on March 10, 1931, she again wrote the clerk about the matter and did not receive a reply to this letter. She wrote again on April 15, 1931, and received a reply stating that the sale had been made on March 28, 1931. This was duly confirmed by the court over the objection of the plaintiff.

Among the grounds for refusing to confirm the sale, plaintiff set up that the property had been sold for an inadequate price, and that, if it had known the day of sale, it would have had a representative there who would have bid the mortgaged indebtedness for the property.   Other evidence for the plaintiff tended to show that the property was worth $2,500, and that it only sold for $750.   It

was also shown that the plaintiff offered to relinquish its indebtedness against the defendant if the latter would execute a quitclaim deed to the property. This offer was refused.

It was shown on behalf of the purchaser at the foreclosure sale that the property was not worth more than $1,000. The clerk of the chancery court and his deputy both denied receiving the first two letters written them by the plaintiff's attorney relative to the date of sale. They stated that they certainly would have answered the letters, had they been received. The clerk testified that the plaintiff's attorney might have asked him about notifying the plaintiff of the exact date of sale, but that he did not remember it. He did not deny her testimony. The decree was had at the first term of the chancery court after his election.

A majority of the court is of the opinion that the trial court erred in confirming the sale to the purchaser. They think that the case falls squarely within the principles of law to the effect that, where the sale is for an inadequate consideration and where the circumstances attending the sale work out a harsh result against an interested party, the court should refuse to confirm the sale, although the purchaser himself had been guilty of no fraud or misconduct in the matter: They think that the fact that the commissioner agreed to notify the plaintiff's attorney of the day of sale and did not do so brings the case within the principles of law so often applied by this court. *Moore* v. *McJudkins,* 136 Ark. 292, 206 S. W. 445; *Chapin* v. *Quisenberry,* 138 Ark. 68, 210 S. W. 341; *Bauer* v. *Wade,* 170 Ark. 1020, 282 S. W. 359; *Hawkins* v. *Wood,* 179 Ark. 845, 18 S. W. (2d) 371, and cases cited.

Mr. Justice HUMPHREYS, Mr. Justice BUTLER and the writer are of the opinion that it was the duty of the plaintiff to keep itself informed of the progress of the case, and that it was negligent in not taking other means to ascertain the date of sale after it did not receive a

reply to the letter of March 10, 1931, the sale not having taken place until March 28, following.

It follows that the decree of the chancery court must be reversed, and the cause will be remanded for further proceedings in accordance with this opinion, and not inconsistent with the principles of equity.