Mark CAMPBELL *v.* Sheryl CAMPBELL

CA 86-430                                     725 S.W.2d 585

Court of Appeals of Arkansas
Division I
Opinion delivered March 18, 1987

*Jerry Ryan*, for appellant.

*Sherry J. Alexander*, for appellee.

JOHN E. JENNINGS, Judge. Mr. and Mrs. Campbell were

divorced in 1982, and later that year, the chancellor ordered that the marital home be sold at private sale within a reasonable time, and if the parties were unable to agree on a private sale, the court would order the home sold at public auction. The house, located in Mena, has three bedrooms, a swimming pool, and four-car garage. In 1985, the wife petitioned to have it sold at public sale, and later that year, with both husband and wife present, the house was sold at public sale for $5,000.00 to the husband. It appears to have been worth more than $40,000.00.

At the hearing on confirmation of the sale, the husband testified that $5,000.00 was a fair price for the house. The wife testified that it was last listed at $49,500.00. The notice of public sale, published in the Mena newspaper, described the property as a lot, without mention of the house.

The chancellor declined to confirm the sale, stating that he could not sleep at night if he did. The basis of his holding was the grossly inadequate price obtained, together with the inadequate notice of sale. He expressly found no fraud.

On appeal, the husband argues that, in the absence of fraud, the chancellor should have confirmed the sale, despite the inadequate price obtained.

These general rules governing the confirmation of judicial sales may be distilled from the cases:

1. Judicial sales are not to be treated lightly, and to give them a certain desired stability, the court should not refuse to confirm a sale for mere inadequacy of price. *Keirs v. Mt. Comfort Enterprises, Inc.*, 266 Ark. 523, 587 S.W.2d 8 (1979); *Fleming v. Southland Life Insurance Co.*, 263 Ark. 272, 564 S.W.2d 216 (1978).

2. When great inadequacy of price is shown, equity will seize upon slight circumstances to go along with the inadequacy of price and justify a refusal to confirm the sale. *See Mulkey v. White*, 219 Ark. 441, 242 S.W.2d 836 (1951); *Stevenson v. Gault*, 131 Ark. 397, 199 S.W. 112 (1917). This rule applies even in the absence of fraud or misconduct on the part of the purchaser. *National Savings and Loan Association v. Beasley*, 185 Ark. 759, 49 S.W.2d 610 (1932); *Chapin v. Quisenberry*, 138 Ark. 68, 210 S.W. 341 (1919).

3. If the inadequacy of price is so great as to shock the conscience of the court, the court will refuse to confirm the sale even in the absence of other circumstances. *See George* v. *Norwood*, 77 Ark. 216, 91 S.W. 557 (1905); *Colonial & United States Mortgage Co.* v. *Sweet*, 65 Ark. 152, 45 S.W. 60 (1898).

4. In judicial sales the court is the vendor, and in the exercise of sound judicial discretion, it may confirm or refuse to confirm a sale made under its order. *Mulkey, supra; Summars* v. *Wilson*, 205 Ark. 923, 171 S.W.2d 944 (1943).

5. On appeal, in determining whether the chancellor abused his discretion, we do not substitute our decision for that of the trial court but merely review the case to see whether the decision was within the latitude of the decisions that the court could make in a case like the one being reviewed. *Fleming, supra; Robbins* v. *Guy*, 244 Ark. 590, 426 S.W.2d 393 (1968).

In the case at bar, the chancellor declined to confirm the sale because of the gross inadequacy of price coupled with the inadequate notice of sale. Under the facts in this case, we cannot say that his refusal to confirm the sale constitutes an abuse of discretion.

Affirmed.

CORBIN, C.J., and CRACRAFT, J., agree.