L.J. KELLETT, Larry Kellett and Karen Kellett *v.*
POCAHONTAS FEDERAL SAVINGS & LOAN
ASSOCIATION

CA 88-103                                          756 S.W.2d 926

Court of Appeals of Arkansas
Division I
Opinion delivered September 21, 1988

244

*Fulkerson & Todd, P.A.,* by: *Michael E. Todd,* for appellants.

*Riffel, King and Smith,* by: *Philip G. Smith,* for appellee.

DONALD L. CORBIN, Chief Judge. This appeal comes to us

from Randolph County Chancery Court. Appellants, L.J., Larry, and Karen Kellett, appeal from a judgment entered in favor of appellee, Pocahontas Federal Savings and Loan Association. We affirm.

Appellants received a loan from appellee in the amount of $125,134.79 and executed a promissory note for the sum bearing interest from maturity at the rate of 13% per annum, payable at $141,357.74 on April 24, 1986. A mortgage with a power of sale, financing statement and security agreement were executed, delivered and filed to secure the note. The appellants defaulted and on January 26, 1987, a decree of foreclosure was filed in favor of appellee, appointing a commissioner and ordering a sale of the security. Proof of Publication was filed February 27, 1987. A public sale was held on March 17, 1987 and appellee purchased the real property for a price of $75,000. The personal property was also sold, the facts of which are not pertinent to this appeal. On March 22, 1987, the court approved and confirmed the sale. A petition for a deficiency judgment was filed and granted in the amount of $59,225.46 plus interest. The Commissioner's Deed was filed of record March 20, 1987. On June 23, 1987, appellants moved to have the deficiency judgment, order approving sale, report of sale, and sale of property set aside. The chancellor denied the motion but reduced the deficiency judgment by $12,500 to reflect a sale by appellee to a third party for $87,500 on the same day of the public sale, in accord with appellee's usual policy. It is from the denial of the motion that appellants appeal.

For reversal, appellants argue that the court erred in denying their motion since there was evidence of irregularities in the public sale of their property and since the property was sold for a grossly inadequate sale price.

In judicial sales the court is the vendor, and in the exercise of sound judicial discretion, it may confirm or refuse to confirm a sale made under its order. *Campbell* v. *Campbell*, 20 Ark. App. 170, 725 S.W.2d 585 (1987). In determining whether the chancellor abused his discretion, the appellate court does not substitute its decision for that of the trial court but merely reviews the case to see whether the decision was within the latitude of the decisions that the court could make in a case like the one being reviewed. *Id.*

Appellants argue that the chancellor abused his discretion in failing to set aside the judicial sale because of alleged irregularities. The record reflects that prior to the judicial sale, appellee's representative, Rex Tyler, engaged in a conversation with Gilbert Burgess regarding the sale of the subject property. Appellants contend that through this conversation appellee engaged in conduct tending to discourage Mr. Burgess from bidding on the subject property. Evidence was also presented that on the day of the judicial sale, appellee sold the subject property to Larry Carter and Darrell Johnson jointly for a price of $87,500. Carter and Johnson divided the property into three parcels and sold it for a total of $100,000 approximately one month later. However, there was no evidence that Carter and Johnson or the subsequent purchasers were discouraged from bidding or that other irregularities existed with regard to their purchases. Their testimony appears to be relevant only on the issue of adequacy of price.

Judicial sales are not to be treated lightly, and to give them a certain desired stability, the court should not refuse to confirm a sale for mere inadequacy of price. *Campbell*, 20 Ark. App. at 171, 725 S.W.2d at 586. When great inadequacy of price is shown, the courts will seize upon slight circumstances to go along with the inadequacy of price and justify a refusal to approve the sale. *Looper* v. *Madison Guar. Sav. & Loan Ass'n*, 292 Ark. 225, 729 S.W.2d 156 (1987).

Appellants contend that $75,000 was an inadequate sale price for the property. Thus, the issue for appeal is whether the chancellor's finding that the price received was adequate, is clearly erroneous. We first note that appellants actually received credit for an $87,500 sale price to reflect the subsequent sale to Carter and Johnson on the same day as the sale. Therefore, the focus is upon the adequacy of $87,500. No fixed formula exists or can exist to determine what is an inadequate sale price. *See Looper*, 292 Ark. at 227, 729 S.W.2d at 157. The chancellor heard testimony from several witnesses regarding the value of the property, ranging from $75,000 to $138,000. The $75,000 price was bid at a sale well attended by the public. The value of the property was a question of fact for the chancellor and the sale price fell within the range of testimony presented. The chancellor specifically stated that the evidence of the adequacy of the sale price was conflicting, but found by a preponderance of the

evidence that the price received at the public sale was not inadequate. Factual determinations by the chancellor must be upheld unless clearly erroneous. Ark. R. Civ. P. 52(a). All relevant evidence was before the chancellor and we cannot say that his finding that the price was not inadequate, is clearly erroneous. Having failed to show an inadequate sale price, the issue of fraud or irregularities is irrelevant in the case at bar. Mr. Burgess, the purchaser who the appellants contend was discouraged from bidding by appellee's representative, testified that he was willing to pay between $80,000 and $85,000 for the subject property. Appellants received the benefit of a sale price of $87,500, which was more than Mr. Burgess was willing to pay. We cannot see how any alleged irregularities adversely affected the appellants, as they failed to show that a price higher than $87,500 would have been received absent the alleged irregularities.

In reviewing the exercise of discretion, the test is whether the ordinary, reasonable, prudent judge, under all the facts and circumstances before him, would have reached the conclusion that was reached. *Looper*, 292 Ark. at 234, 729 S.W.2d at 160. Viewed in that light, we cannot say that the chancellor abused his discretion in denying appellant's motion to set aside the sale.

Affirmed.

CRACRAFT and JENNINGS, JJ., agree.