2010 Ark. App. 639

**SIMMONS FIRST NATIONAL BANK, Appellant**

v.

**Brandon MIDDLETON and Stephanie A. Middleton, husband and wife, and John L. Stephenson, Appellees.**

**No. CA 10–191.**

Court of Appeals of Arkansas.

Sept. 29, 2010.

Melvin E. Morgan, Morgan Law Firm, P.A., Clinton, for appellant.

Jerry Dean Patterson, Patterson Law Firm, Marshall, for appellee.

JOHN B. ROBBINS, Judge.

|₁Appellant Simmons First National Bank filed an in rem foreclosure action against Brandon Middleton and Stephanie Middleton on October 6, 2008. The Middletons were in default on a mortgage loan secured by a 32.5–acre parcel of real estate

in Searcy County containing their primary residence. The mortgage was executed in September 2006 in the principal sum of $116,142.00. On April 17, 2009, the trial court entered a default decree of foreclosure awarding a total judgment of $122,105.69 to Simmons Bank. The decree ordered that if the judgment was not satisfied within ten days, the commissioner of the court was to sell the property to the highest bidder at the door of the Searcy County Courthouse. Pursuant to the trial court's directives, a notice of sale was published in the *Marshall Mountain |₂Wave* beginning on May 7, 2009, stating that the sale would be held on May 26, 2009, at 10:00 a.m.

The only prospective bidders to appear at the sale were Mrs. Middleton's brother, who is appellee John L. Stephenson, and Mr. Stephenson's wife. The property was sold to Mr. Stephenson for the sum of $27,500.

On June 1, 2009, Simmons Bank filed a motion to set aside the sale. In its motion, Simmons Bank asserted that its representative, Danny Horton, was scheduled to attend the sale but was detained with a customer and arrived ten minutes late, after the property had already been sold to Mr. Stephenson. Simmons Bank maintained that the property had an appraised value of $145,000, that the price paid for the property was so low in comparison to the fair market value that it shocks the conscience of the court, and that the sale was unfair and inequitable.

A hearing on Simmons Bank's motion was held on August 6, 2009. Subsequent to the hearing, the trial court denied appellant's motion to set aside the sale and on August 12, 2009, entered an order confirming commissioner's sale. In its order, the trial court found that, in consideration of the nature of the sale, the bid and price of $27,500 paid by Mr. Stephenson, although objected to by Simmons Bank as being shockingly insufficient, was a fair price for the property offered.

Simmons Bank now appeals from the trial court's order confirming the sale. It argues that the trial court abused its discretion by failing to set aside the sale, and that the sale should |₃have been set aside because the consideration received was inadequate under the standards applicable pursuant to Arkansas law. We hold that there was no reversible error, and we affirm.

Wesley Smith, the Searcy County Clerk, is the commissioner who conducted the sale, and he testified at the hearing on the bank's motion to set aside the sale. Mr. Smith acknowledged that prior to the sale he had been contacted by an agent for Simmons Bank, who informed him that he would attend the sale. Mr. Smith was also advised by the bank's representative that the bank had set a minimum bid for the property.

On the morning of the sale, Mr. Stephenson and his wife came to Mr. Smith's office inquiring about the sale, and it was conducted as scheduled at 10:00 a.m. At that time, Mr. Smith went through the procedure of reading the notice and complied with the court's order in conducting the sale. Mr. Smith accepted the lone bid of $27,500 made by Mr. Stephenson, and testified that the sale was open to the public and there was nothing to imply any impropriety on Mr. Stephenson's part.

Mr. Smith recalled that at seven or ten minutes after 10:00 a.m., Danny Horton arrived on behalf of the bank and Mr. Smith told him that he was too late and that the property had already sold. Mr. Horton then complained that the sale price was too low. Mr. Smith testified that he was not aware of the amount of the judgment on the property prior to the sale.

Jack Mays, a certified general appraiser, testified for Simmons Bank. Mr. Mays indicated that his initial appraisal of the property in August 2006 was for $145,000. Mr. Mays reappraised the property after the Middletons defaulted on the mortgage. That appraisal was done in April 2009, at which time Mr. Mays determined the fair market value to be $100,000. Mr. Mays explained that the decrease in value was due to structural problems including considerable settling of the floor in the kitchen and living room.

Danny Horton testified that he was a vice president and commercial lender of Simmons Bank and assisted with the foreclosure proceeding against the Middletons, and that he was aware of the date and time of the foreclosure sale. He was scheduled to attend the sale. However, he explained that he was involved with a customer at his office that morning and lost track of time. When he realized it was 10:02 a.m., he drove to the courthouse and arrived at around 10:07 a.m. Mr. Horton testified that had he been in attendance, he would have made a minimum bid of $70,000 on the property. He stated that he had instructions from the bank to continue his bidding up to a maximum of $89,000.

Mr. Stephenson testified that he is familiar with the subject property and visited the house during the time he was growing up. He indicated that the amount of his bid was tempered by his knowledge of the property's boundaries, access, lack of adequate water, and foundation issues. Mr. Stephenson stated that the foundation issues were the sinking floors referenced by Mr. Mays, possible termite issues, and considerable sloping of the floor in addition to modifications made over the years. Mr. Stephenson testified that he made his bid based on his opinion of what the fair market value was at that time, and not based on what was previously loaned or owed. Mr. Stephenson disagreed with Mr. Mays's appraisal, stating, "I looked at thirty-two acres with a dilapidated old home on it with major foundation issues."

In this appeal, Simmons Bank argues that the trial court abused its discretion in failing to set aside the commissioner's sale. Simmons Bank asserts that the trial court applied the wrong legal standard, and that applying the correct legal standard requires reversal.

In *Kellett v. Pocahontas Fed. Sav. & Loan Ass'n*, 25 Ark. App. 243, 756 S.W.2d 926 (1988), we held that judicial sales are not to be treated lightly, and to give them a certain desired stability, the court should not refuse to confirm a sale for mere inadequacy of price. Mere inadequacy of price, unless so great as to shock the conscience or amount to evidence of fraud, will not justify the court in refusing to approve the sale. *Looper v. Madison Guar. Sav. & Loan Ass'n*, 292 Ark. 225, 729 S.W.2d 156 (1987). When great inadequacy of price is shown, equity will seize upon slight circumstances to go along with the inadequacy of price and justify a refusal to confirm the sale. *Campbell v. Campbell*, 20 Ark. App. 170, 725 S.W.2d 585 (1987). In judicial sales the court is the vendor, and in the exercise of sound judicial discretion, it may confirm or refuse to confirm a sale made under its order. *Id.* In determining whether the equity court abused its discretion, the appellate court does not substitute its decision for that of the trial court but merely reviews the case to see whether the decision was within the latitude of the decisions that the court could make in a case like the one being reviewed. *Id.*

In the order confirming commissioner's sale the trial court found that "the bid and price paid by [Mr. Stephenson], although objected to by [Simmons Bank]

as being shockingly insufficient, is, in consideration of the nature of this sale a fair price for the property offered." Simmons Bank now contends that this finding reflects that the trial court applied the wrong legal standard. However, we cannot agree. By implication, the trial court's specific finding that a fair price was offered for the property also constituted a finding that the sale price was not greatly inadequate.

Simmons Bank further contends on appeal that it demonstrated great inadequacy of price in this case and that there were additional circumstances to justify a refusal to approve the sale. Simmons Bank notes that the $27,500 purchase price was only 27.5 percent of the recently appraised value of $100,000. Appellant further relies on the fact that the Middletons' mortgage had a principal balance of $114,253.45 at the time of the sale. The property consists of a 32.5–acre tract containing a home of 3058 square feet. The appraisal documented recent improvements to the house and described the property as a nice area of rolling farm land.

As evidence of additional circumstances to justify setting aside the sale, Simmons Bank asserts that the commissioner was aware that a representative for the bank was scheduled to attend the sale and make a minimum bid of $70,000. Instead of waiting for that representative to arrive or telephoning to remind him of the sale, the commissioner sold the property to the lone bidder. Moreover, the bidder is the brother of the defaulting mortgagor and testified that he had discussed with her the amount she owed on the property at the time of foreclosure, which was substantially greater than his bid. Simmons Bank submits that the value obtained by the sale of the property was caused by miscommunications between the commissioner and the bank, and that as a result of the procedural anomalies that undermined the fairness of the sale it should have been set aside.

We hold that the trial court committed no abuse of discretion in finding that the $27,500 sale price was not greatly inadequate. Although the original loan was for $116,142.00, even the bank's appraiser acknowledged in his testimony that due to structural defects the value of the property had significantly decreased by the date of foreclosure. In his testimony the appraiser acknowledged that he did not determine whether the property had access to a public road or whether there had been termite damage to the home. In his testimony, Mr. Stephenson disagreed with the $100,000 appraisal, expressing concerns with an inadequate water supply that had been a problem with previous owners, concerns about access to the property and potential termite damage, and describing significant problems with the foundation. Proclaiming his familiarity with the property and describing it as a "dilapidated old home," Mr. Stephenson thought that his bid was consistent with the fair market value at the time of the sale.

Moreover, even had the trial court found a great inadequacy of price based on the evidence, it would not have been required to set aside the sale because there were insufficient circumstances of unfairness. Simmons Bank relies on Mr. Smith's testimony that he knew the bank representative planned to make a minimum bid of $70,000. However, we note that the trial court ruled that Mr. Smith's testimony on this issue was inadmissible hearsay with respect to the minimum amount represented to him by the bank, a ruling that appellant does not now challenge on appeal. At any rate, Simmons Bank cites no authority for the proposition that the commissioner's knowledge that

the bank intended to make a minimum bid prohibited the commissioner from conducting the sale when the bank's agent failed to appear at the scheduled time.

Simmons Bank has cited several cases in support of its claim that the circumstances of the sale were unfair. *See Mulkey v. White,* 219 Ark. 441, 242 S.W.2d 836 (1951) (sale set aside because the representative responsible for bidding was not present at the sale due to a misunderstanding); *National Sav. & Loan Ass'n v. Beasley,* 185 Ark. 759, 49 S.W.2d 610 (1932) (trial court's order confirming sale reversed where the commissioner promised to notify the plaintiff's attorney of the day of sale but did not); *Alexander v. American Bldg. & Loan Ass'n,* 180 Ark. 251, 21 S.W.2d 156 (1929) (ruling setting aside sale affirmed where commissioner neglected to notify appellee of the date of sale as requested). The cases relied on by Simmons Bank are inapposite. In the present case there was no misunderstanding or miscommunication. The undisputed testimony showed that the bank was made well aware of the date and time of the sale, but through no one else's fault failed to timely attend and protect its interests. The commissioner was not required to delay the foreclosure sale or notify the bank's representative as the bank suggests, and under these circumstances no unfairness occurred.

We hold that the trial court did not abuse its discretion in confirming the commissioner's sale. Therefore, the trial court's order is affirmed.

Affirmed.

KINARD and BROWN, JJ., agree.