THE PEOPLE OF THE STATE OF ILLINOIS *ex rel.* KENT BOSWORTH, County Treasurer and Ex-Officio County Collector, Plaintiff-Appellee, *v.* ROBERT L. JUNGLES FAMILY TRUST, Defendant-Appellant.

Third District   Nos. 3—83—0737 through 3—83—0741 cons.

Opinion filed June 29,1984.—Rehearing denied September 5, 1984.

Robert L. Jungles, of Joliet, for appellant, *pro se.*

Edward F. Petka, State's Attorney, of Joliet (John X. Breslin, of State's Attorneys Appellate Service Commission, of counsel), for appellee.

JUSTICE SCOTT delivered the opinion of the court:

This appeal stems from an action brought by the plaintiff Will County treasurer for judgment and sale of property owned by the defendant Jungles because of the owner's nonpayment of real estate taxes. The defendant contested the application for judgment and sale on grounds hereinafter set forth. The trial court ruled adversely to the defendant and this appeal ensued.

The defendant first presents a procedural claim, to-wit, that he was appearing specially before the trial court for the purpose of objecting to the court's jurisdiction and hence the trial court's entry of judgment and order of sale was erroneously entered. We disagree, since the defendant did not question the service of process relating to the court's personal jurisdiction over him but actually submitted to the court's jurisdiction and presented a substantive argument.

The defendant also claimed that the tax bill he received was void for vagueness because there was no dollar sign affixed to the face of the bill. This is specious argument, since an examination of the bill in its entirety discloses that rates are based on each $100 valuation and that payment of the taxes may be paid by checks and money orders drawn in United States currency. It should be noted that the tax bill does not mandate payment by check or money order but permits such methods of payment. The bill could have been paid in cash by the use of United States currency.

The brief of the defendant requires a close examination in order to pinpoint his underlying contention. Ancillary and derivative issues raised by the defendant all are related to and will rise or fall with the defendant's argument that since the dollar has been disconnected from the specie standard, neither he nor anyone else in Illinois has to pay taxes of any kind and real estate taxes in particular, be-

cause the collector (in this instance the county treasurer as ex officio county collector) cannot accept standard United States currency, such as Federal reserve notes, in payment thereof.

The basic contention of the defendant, while interesting and naturally somewhat appealing, is devoid of any merit. Our United States Congress has by statute provided as follows:

"Sec. 5103. Legal Tender.

United States coins and currency (including Federal reserve notes and circulating notes of Federal reserve banks and national banks) are legal tender for all debts, public charges, taxes, and dues. Foreign gold or silver coins are not legal tender for debts." (31 U.S.C. sec. 5103 (1982).)

Our paper currency is entitled "federal reserve note" and imprinted thereon are the words, "This note is legal tender for all debts, public and private."

The founding father Benjamin Franklin authored correspondence in which he made the oft-repeated assertion that in this world nothing is certain but death and taxes. (Letter from Benjamin Franklin to M. Leroy (1789).) While the defendant's contention and argument is interesting, ingenious and of course appealing, it does not dislodge the certainty that exists regarding the payment of taxes.

As noted, the instant case concerning the defendant Jungles was consolidated for hearing and determination with cases Nos. 3—83—0738, 3—83—0739, 3—83—0740 and 3—83—0741. The decision reached in the instant case is also determinative of the aforesaid consolidated cases.

Taken for disposition with this case is a motion by the defendant to reverse the decision of the trial court and to dismiss the appeal. Plaintiff filed objections to this motion and defendant filed a motion praying for leave to reply to the objections. We grant this latter motion and having examined the motion, objections thereto, and reply to the objections, we further deny the motion of the defendant on the twofold grounds that first, the defendant attempts to introduce by a motion new issues, and secondly, the reasoning set forth in this opinion dictates a denial of defendant's motion.

For the reasons set forth the judgment of the circuit court of Will County is affirmed.

Affirmed.

HEIPLE and STOUDER, JJ., concur.