**Glen WALTON, Plaintiff-Appellant,**

**v.**

**Marijane KEIM, as Treasurer of Washington County, Colorado, Defendant-Appellee.**

**No. 83CA1334.**

Colorado Court of Appeals,
Div. I.

Dec. 13, 1984.

Cecil A. Hartman, Denver, Guy G. Curtis, Imperial, Neb., for plaintiff-appellant.

Kevin L. Hoyer, Asst. Co. Atty., Akron, for defendant-appellee.

VAN CISE, Judge.

Plaintiff, Glen Walton, appeals the dismissal of his action against defendant, Marijane Keim, the Washington County Treasurer, for failure to state a claim upon which relief can be granted. We agree with the trial court that there is no justiciable claim for relief stated, and therefore affirm.

██ The text of plaintiff's amended complaint, the sufficiency of which is the subject of this appeal, is set forth in the appendix to this opinion. The factual allegations of this complaint are accepted as true for the purpose of review of the propriety of the dismissal. *Abts v. Board of Education,* 622 P.2d 518 (Colo.1980). However, we are not bound by the legal conclusions in the pleading.

No issue is raised as to the legality or the amount of the taxes assessed, nor is there any claim that the taxes were paid prior to the tax sale. Instead, plaintiff contends on appeal, as he did in the trial court, that, because of U.S. Const. art. I, §§ 8 and 10, and § 11–61–101, C.R.S., it is illegal for the county treasurer to accept anything other than gold or silver coin in payment of real or personal property taxes. We do not agree.

The contention of illegality of paper money has been rejected by every federal and state appellate court, that has considered it in the last fifty years. *See, e.g., Guaranty Trust Co. v. Henwood,* 307 U.S. 247, 59 S.Ct. 847, 83 L.Ed. 1266 (1939); *Norman v. B. & O.R. Co.,* 294 U.S. 240, 55 S.Ct. 407, 79 L.Ed. 885 (1935); *U.S. v. Whitesel,* 543 F.2d 1176 (6th Cir.1976), *cert. denied,* 431 U.S. 967, 97 S.Ct. 2924, 53 L.Ed.2d 1062 (1977); *U.S. v. Moon,* 616 F.2d 1043 (8th Cir.1980); *U.S. v. Rifen,* 577 F.2d 1111 (8th Cir.1978); *U.S. v. Wangrud,* 533 F.2d 495 (9th Cir.1976); *U.S. v. Gardiner,* 531 F.2d 953 (9th Cir.1976), *cert. denied,* 429 U.S. 853, 97 S.Ct. 145, 50 L.Ed.2d 128 (1976); *U.S. v. Rickman,* 638 F.2d 182 (10th Cir. 1980); *U.S. v. Ware,* 608 F.2d 400 (10th Cir.1979); *U.S. v. Anderson,* 584 F.2d 369 (10th Cir.1978); *Radue v. Zanaty,* 293 Ala. 585, 308 So.2d 242 (1975); *Allen v. Craig,* 1 Kan.App. 301, 564 P.2d 552 (1977); *Rush v. Casco Bank & Trust Co.,* 348 A.2d 237 (Maine 1975); *Chermack v. Bjornson,* 302 Minn. 213, 223 N.W.2d 659 (1974), *cert. denied,* 421 U.S. 915, 95 S.Ct. 1573, 43 L.Ed.2d 780 (1975); *Leitch v. State Department of Revenue,* 16 Or.App. 627, 519 P.2d 1045 (1974).

One hundred years ago, in *Juilliard v. Greenman,* 110 U.S. 421, 4 S.Ct. 122, 28 L.Ed. 204 (1884), the Supreme Court stated:

"The constitutional authority of Congress to provide a currency for the whole country is now firmly established....

. . . .

"By the Constitution of the United States, the several States are prohibited from coining money, emitting bills of credit, or making anything but gold and silver coin a tender of payment of debts. But no intention can be inferred from these to deny to Congress either of these powers.... Under the power to borrow money on the credit of the United States, and to issue circulating notes for the money borrowed, its powers to define the quality and force of those notes as currency is as broad as the like power over a metallic currency under the power to coin money and to regulate the value thereof. Under the two powers, taken

together, Congress is authorized to establish a national currency, either in coin or in paper and to make that currency lawful money for all purposes. . . .

 Congress has exercised this power by delegation to the federal reserve system. 12 U.S.C. § 411. Federal reserve notes are legal tender for all debts, including taxes. 31 U.S.C. § 392; *Milam v. U.S.*, 524 F.2d 629 (9th Cir.1974); *U.S. v. Anderson, supra.*

 U.S. Const. art. I, § 10, "prohibits the states from declaring legal tender anything other than gold or silver, but does not limit Congress' power to declare what shall be legal tender for all debts." *U.S. v. Rifen, supra; Chermack v. Bjornson, supra.* Since Congress has done so, *see* 31 U.S.C. § 392, there can be no valid challenge to the legality of federal reserve notes. *U.S. v. Anderson, supra.* Section 11–61–101, C.R.S., Colorado's statute on legal tender enacted in 1893 pursuant to U.S. Const. art. I, § 10, does not and cannot prohibit the state's acceptance of currency other than gold or silver.

Judgment affirmed.

PIERCE and TURSI, JJ., concur.

## APPENDIX

## IN THE DISTRICT COURT COUNTY OF WASHINGTON, STATE OF COLORADO

## AMENDED COMPLAINT

GLEN WALTON, Plaintiff,

vs.

MARIJANE KEIM, Washington County Treasurer, Defendant.

CASE NO. 81–CV–32

COMES NOW the Plaintiff, Glen Walton, and pursuant to this Court's Order of June 27, 1983, amends his Complaint as follows:

1. The Court has jurisdiction of this action pursuant to the Colorado Constitution, Article VI, Sec. 9, and Colorado Rules of Civil Procedure, Rule 106(a).

2. Plaintiff is a resident and citizen of Akron, Washington County, State of Colorado.

3. Defendant is an elected, civil officer of the State of Colorado, holding the office of Treasurer for Washington County, under the Constitution of the United States, and of the State of Colorado, and the laws of the State of Colorado.

4. Defendant has assessed Plaintiff real and personal property taxes in the amount of $5,213.62, as denominated in federal reserve notes, a federal legal tender, and has demanded of Plaintiff, satisfaction of the assessed amount in an illegal tender, ie: non-redeemable notes and/or checks.

5. Plaintiff requested of the Defendant her authority for the demand of satisfaction in an illegal tender, and was refused.

6. Defendant proceeded to sell Plaintiff's property for taxes over Plaintiff's objections and repeated requests for a showing of authority for the abuse of Defendant's office, and the unlawful exercise thereof.

7. Plaintiff brought an action, 81CV32, seeking relief from the Defendant in the form of mandamus and an injunction against further unlawful conduct, and on June 27, 1983, was granted leave to amend his complaint.

8. Plaintiff alleges that the Defendant has a mandatory duty to receive nothing but gold and silver coin issued by the government of the United States, in satisfaction of the taxes levied against Plaintiff under the laws of this State, which duty is clearly set forth in the second sentence of [§] 11–61–101 of the Colorado Revised Statutes, 1973 as amended, to wit:

*The same* (gold and silver coin issued by the government of the United States) *shall be received* in payment of all debts due to the citizens of this state *and in satisfaction of all taxes levied by the authority of the laws of this state.*

9. Plaintiff alleges that the Defendant has unlawfully refused to perform this mandatory duty, and has abused her office by demanding and accepting illegal tender

in the form of non-redeemable notes and checks, and not the gold and silver coin required by Article I, section 10, of the United States Constitution, and [§] 11–61–101 of the Colorado Revised Statutes, 1973 as amended.

10. Plaintiff alleges that the Defendant and others of official capacity have conspired and are conspiring to continue the unlawful exercise of her office, in the mistaken belief that federal legal tender laws govern this State in its choice of currency for the collection of this State's taxes.

11. Plaintiff alleges that the Defendant has violated Plaintiffs right not to be deprived of life, liberty or property but by the due process of law, which is secured by Article II, section 25 of the Colorado Constitution, and the Fifth and Fourteenth Amendments of the United States Constitution; and, the Defendant and others have violated sections 1983 and 1985 of the Federal Civil Rights Act, 42 U.S.C. §§ 1983 & 1985.

12. Plaintiff alleges that the violations occurred through the Defendant's demand that Plaintiff satisfy his taxes in nonredeemable notes and/or checks; through the Defendant's illegal sale of Plaintiff's property, without first showing that Defendant had complied with [§] 11–61–101, and Plaintiff had refused to comply with a lawful demand; through the Defendant's actual and/or constructive conspiracy with unknown others, to unlawfully exercise the powers and duties of her office; and, that the violations were done with a wilful and reckless disregard for Plaintiff's rights.

13. Plaintiff alleges he has been irreparable harmed and injured by the Defendant's actions; that he is without a remedy at law for his injury; and, that Defendant is answerable in Mandamus for her refusal to perform a mandatory duty, and for money damages for violation of Plaintiff's civil and Constitutional rights.

14. Plaintiff is entitled to the relief sought in the form of Mandamus, to compel the Defendant to the lawful exercise of her official powers and duties, and for money damages as the only possible redress for Plaintiff's rights.

WHEREFORE, Plaintiff respectfully requests the Honorable Court find in his favor and award the following relief:

A. An Order in the nature of Mandamus to the Defendant requiring that the terms and conditions of [§] 11–61–101, C.R.S., 1973 as amended, be fully complied with;

B. An award of $521.36 dollars of gold and/or silver coin issued by the government of the United States as actual damages;

C. An award of $1,000.00 dollars of gold and/or silver coin issued by the government of the United States, as compensation for the violation of Plaintiff's rights;

D. An award, upon a finding of wilful and reckless disregard for Plaintiff's rights, of $1,000.00 dollars of gold and/or silver coin issued by the government of the United States, as punitive damages for violation of Plaintiff's rights; and,

E. Such other and further relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED this 6th day of July, 1983.

/s/ Glen Walton
GLEN WALTON
Plaintiff, Pro Se
Henry Route
Akron, Colorado 80720

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing AMENDED COMPLAINT, has been mailed, postage prepaid, this 7th day of July, 1983, addressed as follows:

Kevin L. Hoyer
Attorney at Law
P.O. Box A
Akron, Colo. 80720

Rosie Walton