In the Matter of the ESTATE of
Betty Jo HODGES, Deceased, Joyce LONG, Executrix
*v.* Thomas W. WILKIE III et al

CA 84-359                                    688 S.W.2d 307

Court of Appeals of Arkansas
Division I
Opinion delivered April 24, 1985

298

*Dan Dane,* for appellant.

*Sharpe & Beavers,* for appellee Thomas W. Wilkie III.

*Butler, Hicky, Hicky & Routon, Ltd.,* for appellee L'Anguille River Enterprises.

LAWSON CLONINGER, Judge. On this appeal, appellant and cross-appellee Joyce Long raises three points for reversal, appellee and cross-appellant Thomas W. Wilkie III raises one point for reversal, and appellee and cross-appellant L'Anguille River Enterprises raises one point for reversal while responding to appellant's arguments.

Appellant, acting as executrix of the estate of the late Betty Jo Hodges, obtained an order from St. Francis County Probate Court to sell the nine tracts of estate lands at a public sale in order to pay the estate's debt to the First National Bank of Eastern Arkansas. The order provided that the executrix was to offer separate tracts for sale until the aggregate price would equal $350,000; if, however, the aggregate of the sales of the separate tracts did not equal that figure, appellant was to sell all nine tracts together as one unit.

When the nine tracts were offered separately, the total of the bids reached only $296,000; all were then offered as one parcel. Appellee and cross-appellant Wilkie placed the highest bid, but the figure, $416,000, was less than the statutory requirement of three-fourths of the appraised value of the lands, $422,000. After making his final bid, Mr. Wilkie learned that the amount failed to exceed the minimum set by law. He then approached the auctioneer and informed him that he wished to raise his bid to $424,000. In his Report of Sale, the auctioneer made no mention of the post-auction offer.

At a hearing on the Report of Sale, the executrix, on behalf of the heirs, filed a petition for a private sale, appellee and cross-appellant L'Anguille River Enterprises filed a petition requesting that the executrix be required to sell one tract to it as the highest bidder. A party who had not been present at the sale, Sid Fogg, testified that he was willing to purchase some of the property at a price higher than that bid

at the public sale. The court, at the conclusion of the hearing, rejected Mr. Wilkie's bid of $416,000 as insufficient and refused to consider the proposed enhanced bid of $424,000.

Appellant's arguments revolve around the question of the probate judge's discretion. In judicial sales, the court is the vendor and is vested with great discretion. In reviewing the action of a trial court to determine whether an abuse of discretion has occurred, we do not substitute our own decision for that of the judge; instead, we merely review the case to see whether the decision below was within the latitude of decisions a judge could make. *Kiers* v. *Mt. Comfort Enterprises, Inc.*, 266 Ark. 523, 587 S.W.2d 8 (1979); *see also* the dissenting opinion of Cooper, J., in *Lytle* v. *Citizens Bk. of Batesville*, 4 Ark. App. 294, 630 S.W.2d 546 (1982).

For her first point, appellant contends that the trial court erred in finding a representative of L'Anguille River Enterprises to be an "interested person" within the statutory meaning and hence able to participate in the confirmation hearing with the executrix, the heirs of the estate, and the high bidder. An "interested person," under Ark. Stat. Ann. § 62-2003(k) (Repl. 1971); "includes an heir, devisee, spouse, creditor or any other having a property right or interest in or claim against the estate being administered, and a fiduciary." Although the order for sale clearly stated that the nine tracts would be offered as a unit if the aggregate bids did not exceed $350,000, we are of the opinion that the judge did not abuse his discretion in permitting L'Anguille River Enterprises to participate in the hearing. Appellee and cross-appellant had lodged the highest bid, $36,000, for a separate tract and believed itself to have a claim against the estate, as events have shown. The judge may have been over-solicitous, but he surely did not exceed the bounds of his discretion in allowing a representative of the partnership to be present at the hearing.

Appellant's second contention is that the court erred in admitting the testimony of Sid Fogg and Thomas Long, both of whom were called as witnesses by appellee and

cross-appellant L'Anguille River Enterprises. In view of the fact that we find it necessary to reverse the decision of the trial court on the basis of appellant's third point for reversal, we will not address her second argument.

We find reversible error in appellant's third point. She asserts that the trial judge should not have ordered another public sale at the conclusion of the hearing. The executrix had withdrawn her petition for a public sale, and the heirs of the estate had individually written letters to the judge who had originally heard the matter expressing their desire for a private sale. The proffer of proof attached to the executrix's petition for a private sale stated that firm offers totalling $538,900 had been received through private negotiations.

Ark. Stat. Ann. § 62-2719 (Repl. 1971) provides: "If satisfied that the sale . . . is not advantageous to the estate or has not been made in conformity with law, the court may reject the sale . . . or require a re-execution of the order upon such terms and conditions as it may direct." The issue here revolves around the extent of the trial court's discretion in re-executing an earlier public sale order under the facts presented in the present case.

Once the trial judge rejected the report on the public sale, the status of the parties to this action changed. Appellee and cross-appellant Wilkie and appellee and cross-appellant L'Anguille River Enterprises could no longer be described as interested parties. At best, their position was that of potential bidders at any future sale and hence was in no way superior to that of any other prospective purchaser. Neither Wilkie nor L'Anguille had any standing to contest a petition on behalf of the heirs of the estate, who then, through their representative, appellant and cross-appellee Long, remained the only interested parties.

It is the responsibility of the court in such matters to do that which is best for the estate. When the executrix, with the approval of all the heirs, withdraws her petition for a public sale, it is difficult to find a justification for a court's action in overriding the clearly expressed wishes of the interested parties.

Appellee and cross-appellant Wilkie argues that his increased offer of $424,000 for the total estate lands was a valid bid made prior to the completion of the sale and should have been confirmed by the court. He asserts that no substantial amount of time had elapsed between the delivery of his final bid and his notification of the auctioneer of his enhanced offer.

Mr. Wilkie quotes *Fleming* v. *Southland Life Ins. Co.*, 262 Ark. 272, 564 S.W.2d 218 (1978) for the long-established rule that "a judicial sale is not complete until confirmation." While we cannot disagree with this legal truism, we also cannot see how this precept leads Mr. Wilkie to the proposition that the auction had not concluded with the submission of the highest bid, Mr. Wilkie's own $416,000, and the sounding of the gavel. The language in *Fleming, supra,* refers, of course, to the court's ratification or rejection of transactions occurring within the formal framework of a judicial sale. The procedure would have no meaning if parties at an auction were allowed to increase their offers after the auctioneer closed the bidding.

Finally, appellee and cross-appellant L'Anguille River Enterprises argues that the trial court erred in refusing to confirm the sale of one of the tracts to the partnership. L'Anguille River Enterprises had entered a bid of $36,000 for Tract VI during the initial phase of the public sale. The figure was 140 per cent of the appraised value of the parcel, which was appraised at $25,600. Because it exceeded the statutory minimum bid with respect to that particular tract, cross-appellant insists that it is entitled to the land.

We cannot agree. The Order of Sale stated explicitly:

3. That the sale of the Estate real estate should be made by offering separate tracts or parcels for sale at a public sale until the aggregate price of the separate tracts is equal to at least Three Hundred Fifty Thousand ($350,000.00) Dollars. After the parcels have been offered for sale separately or so many thereof as the aggregate purchase price shall equal at least Three Hundred Fifty Thousand ($350,000.00) Dollars all

parcels offered for sale up to that point should be offered for sale together as one unit and the lands should be sold to the highest bidder.

The trial court's refusal to confirm the sale of Tract VI to L'Anguille River Enterprises was merely a recognition that the terms of the sale order had not been fulfilled. Although L'Anguille's individual bid was higher than the minimum prescribed by statute for the tract in question, the aggregate figure reached for the separate parcels of land was $296,000. The language of the order clearly requires that the tracts be offered intact together as a single unit if previous efforts to secure the necessary price for the separate parcels failed.

We find that the trial court exceeded the bounds of its discretion in ordering a second public sale. We reverse the trial court's decision and remand this case with instructions to the court to entertain any motions or petitions presented by interested parties and to complete the administration of the estate in a manner not inconsistent with the holdings in this opinion.

Reversed and remanded.

COOPER and MAYFIELD, JJ., agree.