BLACK AND BLACK OIL COMPANY *v.* SMITH
DRILLING COMPANY, INC.

86-63                                                    712 S.W.2d 901

Supreme Court of Arkansas
Opinion delivered July 14, 1986

488

*Steve R. Crane*, for appellant.

*Bramblett & Pratt*, by: *Eugene D. Bramblett*, for appellee.

DAVID NEWBERN, Justice. The appellant, Black and Black Oil Company, (Black and Black), entered a contract with the appellee, Guy R. Smith Drilling Company, Inc., (Smith), by which Black and Black hired Smith to drill a well. After the drilling had begun, the drilling ceased because circulation of the drilling mud, which is necessary to the drilling operation, was lost. Another company, Dia-Log, was called to the scene to restore the lost circulation. Dia-Log sued Black and Black as well as Smith to collect the amount it had billed for the service it rendered. Black and Black claimed Smith was responsible to pay Dia-Log, and Smith claimed it was Black and Black's responsibility. The trial court found the contract between Black and Black and Smith to have been ambiguous with respect to responsibility for Dia-Log's bill and thus permitted parol evidence to ascertain the parties' intent. Sitting without a jury, the court found the contract required that the operator, Black and Black, assume responsibility for Dia-Log's bill. Black and Black contends the trial court erroneously reformed or modified the contract and that it was error to interpret the contract as requiring Black and Black to pay Dia-Log. We affirm.

The contract consisted of a bid letter which looked like this:

GUY R. SMITH DRILLING CO., INC.
P. O. Box 396
STEPHENS, ARKANSAS 71764

April 12, 1984

Black & Black Operators
Magnolia, Arkansas 71753

Gentlemen:

Enclosed please find our turnkey bid on your 4900 foot Smackover well in Section 14, Township 14 South, Range 19 West of Ouachita County, Arkansas:

*Furnish road, location and pits.
*Furnish water.
*Drill 7 ⅞" hole to approximately 4900 feet.
*Furnish, set and cement 300 feet of 8 ⅝" surface casing.
*Furnish all mud and chemicals.
*Furnish Geolograph and catch samples as required.
*Furnish and run Gearhart DIL Log.
*Furnish 24 hours rig time to run production casing or plug and abandon.

Turnkey for the above . . . . . . . . . . . . . . . . . . . . . . $60,000.00

Rig time for any other services or the encounter of loss circulation will be at the rate of $175.00 per hour.

Optional - Furnish Minimum Density CDL-CNL-GR
    Log . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $3,858.00
Optional - Furnish 12 Side Wall Cores . . . . . . . . . $2,040.00
Optional - Cut One 50 Foot Diamond Core . . . . . $6,500.00
Optional - Attempt One Single Packer Drill Stem
    Test . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $6,500.00

Sincerely,

Guy R. Smith Drilling Company, Inc.

RGS:dt

Approved and Accepted on this
————— day of ——— 1984
By: —————————

The appellant concedes it was proper for the trial court to take parol evidence with respect to the parties' intent as expressed in the contract in view of the contract's ambiguity. We agree. In a similar case, *Murdock v. Reynolds*, 180 Ark. 729, 22 S.W.2d 1007 (1929), we reversed the refusal of the trial court to allow parol evidence.

The ambiguity here is created by the use of the term "turnkey" to apply to everything "above," which includes drilling to 4900 feet, and then using the term "rig time" to refer to the manner in which the operator, Black and Black, would be billed in the event of loss of circulation. The question becomes whether "turnkey" meant the driller, Smith, would supply whatever was necessary to reach 4900 feet and if so whether the reference to "rig time" for "any other services" created an exception to the "turnkey" portion of the agreement.

■ The appellant's argument is that the trial court accepted the parol evidence for the purpose of modifying the contract or adding terms to it rather than interpreting it. While the trial court misspoke at one point, saying he would permit parol evidence to "modify" the contract, his letter order on which the judgment was based makes it clear he was following our decision in *Murdock* v. *Reynolds, supra,* and allowing "parol testimony to explain the customary, local meaning of the word [rig time]." The court's letter order further recited that "[e]ach expert testified unequivocally, that upon consideration of the contract, and the term 'rig time,' that the operator was responsible for third party services."

■ We agree with the appellee's argument that in accepting parol evidence to determine the meaning of the contract the trial court was making a determination of fact. *C & A Construction Co.* v. *Benning Construction Co.,* 256 Ark. 621, 509 S.W.2d 302 (1974); *Fort Smith Appliance & Service Co.* v. *Smith,* 218 Ark. 411, 236 S.W.2d 583 (1951); *Don Gilstrap Builders, Inc.* v. *Jackson,* 269 Ark. 876, 601 S.W.2d 270 (Ark. App. 1980). We will not reverse a factual determination made by the court sitting without a jury unless we can say it was clearly erroneous or clearly against the preponderance of the evidence. Ark. R. Civ. P. 52(a); *McDermott* v. *Strauss,* 283 Ark. 444, 678 S.W.2d 334 (1984); *Wasp Oil, Inc.* v. *Arkansas Oil and Gas, Inc.,* 280 Ark. 420, 658 S.W.2d 397 (1983). While the appellant presented an expert who contradicted, to an extent, the ones presented by the appellee, we cannot say the court's determination was clearly erroneous.

Affirmed.

HOLT, C.J., not participating.