Warren PINGEL v. TROY and NICHOLS, INC.

CA 94-983                                              907 S.W.2d 757

Court of Appeals of Arkansas
Division I
Opinion delivered October 11, 1995

42

*Appellant*, pro se.

*Wilson & Associates, P.A.*, by: *Robert M. Wilson, Jr.*, for appellee.

JOHN B. ROBBINS, Judge. Warren Pingel has appealed, pro se, from an order of the Washington County Chancery Court rejecting his bid of one silver dollar in a commissioner's sale of property in foreclosure. We affirm the chancellor's decision.

Troy and Nichols, Inc., obtained a judgment against Robert Dale Forbes and Deborah J. Forbes for the balance due on a promissory note secured by real property. The chancellor ordered the property to be sold. The commissioner's report of the sale recited that Troy and Nichols had bid $47,367.61, Mr. Forbes had bid $47,400.00, and appellant had bid one silver dollar for the property. Because Troy and Nichols' bid was for less than the amount of its judgment against Mr. and Mrs. Forbes, it would be credited against the judgment.

At the hearing on the validity of the bids, Mr. Forbes withdrew his bid. Appellant argued that a bid (such as his) with a simultaneous tender of cash in gold or silver coin is the only kind of bid that can constitutionally be confirmed. The chancellor disagreed and found that it would be an abuse of discretion and it would shock the conscience of the court to accept appellant's grossly inadequate bid. The chancellor confirmed the report of sale and directed the commissioner to deliver a deed to Troy and Nichols.

Appellant has listed thirteen points on appeal. These "points" are largely unintelligible and can be distilled into appellant's claim that his bid was the only valid bid under article I, § 10, of the United States Constitution because checks and federal reserve notes are not lawful money of the United States.

In *Julliard* v. *Greenman*, styled "The Legal Tender Cases," 110 U.S. 421, 448 (1884), the United States Supreme Court rejected this argument, stating:

> Congress is vested with the exclusive exercise of the analogous power of coining money and regulating the value of domestic and foreign coin, and also with the paramount power of regulating foreign and interstate commerce. Under the power to borrow money on the credit of the United States, and to issue circulating notes for the money borrowed, its power to define the quality and force of those notes as currency is as broad as the like power over a metal-

lic currency under the power to coin money and to regulate the value thereof. Under the two powers, taken together, Congress is authorized to establish a national currency either in coin or in paper, and to make that currency, lawful money for all purposes, as regards the national government or private individuals.

The power of making the notes of the United States a legal tender in payment of private debts, being included in the power to borrow money and to provide a national currency, is not defeated or restricted by the fact that its exercise may affect the value of private contracts.

This argument was also raised and rejected in *Daniels* v. *Arkansas Power & Light Co.*, 269 Ark. 390, 391, 601 S.W.2d 845 (1980). There, the issue was whether a check from Arkansas Power and Light Co. to the appellants, redeemable in federal reserve notes, was "money" as compensation required by law in an eminent domain case. The Arkansas Supreme Court stated:

The appellants argue the United States Constitution, the Arkansas Constitution, and Arkansas law require payment in gold, silver or certificates redeemable in such medium of exchange. U.S. CONST. art. I, § 10, cl. 1, Ark. CONST. art. 12, § 9.

Federal reserve notes are legal tender and, therefore, the appellants' argument has no merit. 31 U.S.C. § 392 (1976); *United States* v. *Wangrud*, 533 F.2d 495 (1976); *United States* v. *Rifen*, 577 F.2d 1111 (1978).

Many other courts have rejected appellant's argument. For example, in *Illinois, ex rel. Bosworth* v. *Robert L. Jungles Family Trust*, 126 Ill.App.3d 537, 467 N.E.2d 295, 296 (1984), the court stated that this argument, "while interesting and naturally somewhat appealing, is devoid of any merit." This argument was called "hopeless and frivolous" in *Foret* v. *Wilson*, 725 F.2d 254 (5th Cir. 1984). In *United States* v. *Wangrud*, 533 F.2d 495, 496 (9th Cir. 1976), *cert. denied*, 429 U.S. 818 (1976), the court stated:

Mr. Wangrud appeals his conviction on two counts of wilful failure to make an income tax return. 26 U.S.C. § 7203. For the tax years in question the defendant received

checks from the State Farm Insurance Company as compensation for his services. He now argues that he did not receive money, since the checks could be cashed only for federal reserve notes and that these are not redeemable in specie. We publish this opinion solely to make it clear that this argument has absolutely no merit. We affirm this conviction.

By statute it is established that federal reserve notes, on an equal basis with other coins and currencies of the United States, shall be legal tender for all debts, public and private, including taxes. 31 U.S.C. § 392 (Supp. 1976). This statute is well within the constitutional authority of Congress. U.S. Const. art. I, § 8. It so completely disposes of appellant's argument that it is unnecessary for us to invoke other provisions of the Internal Revenue Code which would be equally dispositive. . . .

Appellant's argument was also rejected in the following cases: *Radue v. Zanaty*, 293 Ala. 585, 308 So.2d 242, 244-45 (1975); *Brand v. Texas*, 828 S.W.2d 824, 825-26 (Tex. Ct. App. 1992); *May v. Bailey*, 693 S.W.2d 246, 248-49 (Mo. Ct. App. 1985); and *Walton v. Keim*, 694 P.2d 1287, 1288-89 (Col. Ct. App. 1984).

■ Appellant also argues that the Constitution prohibits the states from declaring anything but gold and silver to be legal tender. As in *United States v. Rifen*, 577 F.2d 1111, 1113 (8th Cir. 1978), this argument misses the point. There, the court stated: "[A]rticle I, section 10 of the United States Constitution prohibits the states from declaring legal tender anything other than gold or silver, but does not limit Congress's power to declare what shall be legal tender for all debts." The Court also stressed that Congress, at 31 U.S.C. § 392 [now § 5103], has declared federal reserve notes legal tender. 577 F.2d at 1112.

■■ We also hold that the chancellor did not abuse his discretion in rejecting appellant's bid as being so low as to shock the conscience of the court. In *Looper v. Madison Guaranty Savings & Loan Association*, 292 Ark. 225, 227-28, 729 S.W.2d 156 (1987), the Arkansas Supreme Court set forth the relevant considerations:

The sale price was $1,900, and the market value was found to be $42,500; that is, the property sold for 4.4% of its value according to the chancellor's finding.

A price that "shocks the conscience" of a judge can never be reduced to a mathematical formula. It depends on a variety of circumstances: the value of the property, the circumstances surrounding the sale, the price, the rights of the parties participating in the sale, and the harm that may result if the sale is confirmed, to name a few. Nevertheless, the decision is one for the chancellor to make, using sound discretion. *Summars* v. *Wilson*, 205 Ark. 923, 171 S.W.2d 944 (1943). While no fixed formula exists or can exist for what is a shocking sale price, fixed rules do exist for us to review such a case. First, we are an appellate court; we do not retry cases. We cannot sit as jurors who determine facts in law cases, nor chancellors who do the same in chancery courts. *Merriman* v. *Yutterman*, 291 Ark. 207, 723 S.W.2d 823 (1987); *Black & Black Oil Co.* v. *Guy R. Smith Drilling Co.*, 289 Ark. 487, 712 S.W.2d 901 (1986). Factual determinations of chancellors must be upheld unless clearly erroneous. ARCP Rule 52.

When we examine a discretionary decision made by a chancellor, the question is not what we would have done, but whether, as a matter of law, discretion was abused — was the judgment call arbitrary or groundless? *Keirs* v. *Mt. Comfort Enterprises et al.*, 266 Ark. 523, 587 S.W.2d 8 (1979); *Robbins* v. *Guy*, 244 Ark. 590, 426 S.W.2d 393 (1968).

Other principles also apply when we review a case, sometimes omitted from our opinions, but nonetheless applicable to all our decisions. The appellant, the party losing at the trial level, has the burden of demonstrating error. *Baldwin Co.* v. *Ceco Corp.*, 280 Ark. 519, 659 S.W.2d 941 (1983). The evidence on appeal and all reasonable inferences from that evidence, and the findings of fact by a judge must be reviewed in a light most favorable to the appellee, the party that won at the trial level. *Sipes* v. *Munro*, 287 Ark. 244, 697 S.W.2d 905 (1985); *Wasp Oil, Inc.* v. *Arkansas Oil & Gas, Inc.*, 280 Ark. 420, 658 S.W.2d 397 (1983).

*Accord Mulkey* v. *White,* 219 Ark. 441, 442, 242 S.W.2d 836 (1951); *Kellett* v. *Pocahontas Fed. Sav. & Loan Ass'n,* 25 Ark. App. 243, 245-46, 756 S.W.2d 926 (1988); *Campbell* v. *Campbell,* 20 Ark. App. 170, 171-72, 725 S.W.2d 585 (1987). *See also Estate of Hodges* v. *Wilkie,* 14 Ark. App. 297, 300, 688 S.W.2d 307 (1985).

The property foreclosed upon in this action is worth approximately $48,000.00. If appellant's bid had been approved and confirmed, the debtors would have been liable for the deficiency of approximately $48,000.00. A bid of one silver dollar for property of this value would without question shock the conscience of the court.

Affirmed.

MAYFIELD and ROGERS, JJ., agree.